**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GARY BAILEY,** | ) | |
| **Plaintiff,** | ) | **Civil No. 02-1078L** |
| **v.** | ) | **Honorable Victor J. Wolski** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

## JOINT STATUS REPORT

This Joint Status Report is being filed by the parties pursuant to this Court's August 10, 2007, Order and Opinion and September 21, 2007 Order. As directed in the August 10, 2007 Order, the purpose of this report is to "suggest[ ] a schedule for further proceedings." Because the parties were unable to reach agreement on further proceedings, separate statements are provided.

**Plaintiff's Statement**

Plaintiff believes that the issues to be addressed at any trial in this case revolve predominantly around the valuation of Plaintiff's property. Further, the parties have conducted exhaustive discovery over the last 5 years of litigating this case in both this forum as well as a companion enforcement case initiated by the Federal Government against Gary Bailey of which a final Judgment has been issued in the Minnesota Federal District Court. Attorney Adamski has been integrally involved in both cases on behalf of the Federal Government. Plaintiff believes the Defendants numerous "complex" issues have either already been addressed by this Court in its very thorough Order and discovery to date, or are all merely sub-issues of valuation which

will simply be addressed by the expert witness. As a result, Plaintiff believes that this case can be prepared for trial according to the following schedule:

| | |
|---|---|
| Close of fact discovery | December 5, 2007 |
| Simultaneous Disclosure of Expert Reports | December 5, 2007 |

**Defendant's Statement**

Defendant believes that the determination of liability in this regulatory takings case must be made under the legal standard set forth in Penn Central Transp. Co. v. N.Y. City, 438 U.S. 104 (1978). That inquiry will require resolution of several complex issues including, among others, the following:

- The date (or dates) of the alleged taking;
- The nature of Plaintiff's ownership interest in the various parcels of real estate, including interests in fee property, mortgages, and contracts for deeds;
- Background property issues, including Minnesota property restrictions related to nuisance, the Minnesota Wetlands Conservation Act, and Lake of the Woods County Floodplain Management Ordinance;
- The character of the governmental action that constituted the alleged taking;
- Plaintiff's and third-party purchasers' reasonable investment backed expectations; and
- The relevant parcel to be considered for purposes of determining economic impact.

In the event that liability is determined in favor of Plaintiff, the Court must then determine what compensation is owed to Plaintiff.

Moreover, as this Court repeatedly found in its August 10, 2007 Opinion and Order, Plaintiff has had difficulty in providing clarity relating to the claims and theories upon which he will proceed in this case. See e.g., Aug. 10, 2007 Opinion and Order at 8, 12, 13, and 22. As such, discovery and case preparation, which has thus far been limited to threshold issues, will have to address multiple claims and theories related to several issues central to this case. For example, Plaintiff has variously described the relevant parcel as either 13 acres or 26 acres. See Plaintiff's Supp. Mem. In Opp. To Defendant's Mot. to Dismiss (May 4, 2005) at 1. This uncertainty has been introduced by Plaintiff into the case even before the United States has conducted discovery related to adjacent lands that may or may not be part of the relevant parcel for purposes of the regulatory takings analysis in this case.

Any discovery schedule in this case will also need to account for the fact that numerous non-parties are likely to have discoverable information, including the ten individuals who purchased property from Plaintiff, Lake of the Woods County, the Minnesota Pollution Control Agency, the Minnesota Department of Natural Resources, Lake of the Woods Soil & Water Conservation District, and Kathryn Bailey. Given the added complexity of seeking discovery from non-parties, a reasonable period of time to complete discovery is vital in this case.

Given the number and complexity of the issues in this case, the lack of clarity provided by Plaintiff regarding his claims, and the number of non-parties who may have information reasonably calculated to lead to the discovery of admissible evidence, the United States requests a reasonable but not protracted period for the discovery necessary to prepare this case for further

proceedings. The schedule proposed by the United States is as follows:

| | |
|---|---|
| Close of Fact Discovery | April 30, 2008 |
| Plaintiff's Production of Expert Reports | May 30, 2008 |
| Defendant's Production of Expert Reports | July 31, 2008 |
| Close of Expert Discovery | August 29, 2008 |
| Pre-trial Motions | October 15, 2008 |

October 5, 2007

Respectfully submitted,

/s/ Alan B. Fish by /s/ James D. Gette

ALAN B. FISH
109 Second Street Northeast
Roseau, MN 56751
(218) 463-2088 (phone)
(218) 463-2099 (fax)

Counsel of Record for the Plaintiff

RONALD J. TENPAS
Acting Assistant Attorney General
Environmental & Natural Resources Division

/s/ James D. Gette

JAMES D. GETTE
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 305-1461
Facsimile: (202) 514-8865
James.Gette@usdoj.gov

Counsel for Defendant

Of Counsel:

Steven P. Adamski
Deputy District Counsel
U.S. Army Engineer District, St. Paul
190 East 5th Street, Suite 401
St. Paul, Minnesota 55101