**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **GARY BAILEY,** | |
| **Plaintiff,** | **Civil No. 02-1078L** |
| **v.** | **Honorable Victor J. Wolski** |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**JOINT STATUS REPORT**

This Joint Status Report is being filed by the parties pursuant to this Court's November 14, 2007, and February 21, 2008 Orders. As indicated in the November 14, 2007 Order, the purpose of this report is to "propose a schedule for expert disclosures and discovery and inform the Court whether either party anticipates the filing of a dispositive motion prior to trial."

**PLAINTIFF'S STATEMENT**

Plaintiff believes that the issues to be addressed at any trial in this case revolve predominantly around the valuation of Plaintiff's property. Further, the parties have conducted exhaustive discovery over the last 5 years of litigating this case in both this forum as well as a companion enforcement case initiated by the Federal Government against Gary bailey of which a final Judgment has been issued in the Minnesota Federal District Court. Attorney Adamski has been integrally involved in both cases on behalf of the Federal Government. Plaintiff believes the Defendants numerous "complex" issues have either already been addressed by this Court in its very thorough Order and discovery to date, or are all merely sub-issues of valuation which will simply be addressed by the expert witness. As a result, Plaintiff believes that this case can be prepared for trial according to the following schedule:

| | |
|---|---|
| Close of fact discovery: | March 7, 2008 (per February 21, 2008 Order) |
| Simultaneous Disclosure of Expert Reports: | June 30, 2008 |
| Dispositive Motions: | In the interest of Judicial economy, the length of time that has transpired (entering 6th year) and the Defendant's previous opportunity and filing of a dispositive motion, no further motions should be allowed. |

**DEFENDANT'S STATEMENT**

Defendant believes that, despite Plaintiff's argument to the contrary, there are numerous complex issues to resolve in this case aside from valuation. As previously indicated by Defendant, determination of liability in this regulatory takings case must be made under the legal standard set forth in Penn Central Transp. Co. v. N.Y. City, 438 U.S. 104 (1978). The Court must address all of the Penn Central factors including the nature of the governmental action; Plaintiff's and third-party purchasers' reasonable investment backed expectations; and the economic impact of any alleged taking. In addition to the Penn Central factors, the Court must also resolve several additional complex issues including, among others:

- the date of the alleged taking;
- the nature of Plaintiff's ownership interest in the various parcels of real estate, including interests in fee property, mortgages, and contracts for deeds;
- background property issues, including Minnesota property restrictions related to Minnesota state common law of nuisance, the Minnesota Wetlands Conservation Act, Minnesota floodplain management rules, Lake of the Woods County Floodplain Management Ordinance, and

Minnesota individual septic treatment system rules; and

- the relevant parcel or "larger parcel" to be considered for purposes of determining economic impact.

Only once the Court considers all of the above issues relevant to liability will the Court turn to what Plaintiff claims is the sole issue: valuation or just compensation.

Expert Discovery Schedule

As this Court repeatedly observed in its Order and Opinion of August 10, 2007, Plaintiff has had difficulty in providing clarity relating to the claims and theories upon which he will proceed in this case. See e.g., Aug. 10, 2007 Opinion and Order (Dkt. # 71) at pp. 8, 12, 13, and 22. For example, Plaintiff has variously described the relevant parcel as either 13 acres or 26 acres. See Plaintiff's Supp. Mem. In Opp. To Defendant's Mot. to Dismiss (May 4, 2005) (Dkt. # 66) at 1.

Moreover, Plaintiff has yet to assert a specific date of taking. This date is critical to the related issues of economic impact and just compensation.[1/] The experts retained by Defendant to analyze the issues of economic impact and just compensation must have the opportunity to evaluate the date of taking relied upon by Plaintiff's experts in reaching their conclusions regarding economic impact and just compensation. The experts retained by Defendant must also have the opportunity to ascertain the larger parcel relied upon by Plaintiff's experts in their analyses of economic impact and just compensation. Given that the 13 acres alleged to have been taken represent a small portion of an approximately 206 acre parcel purchased by Plaintiff in a single transaction, defining the larger parcel may have a substantial impact on the economic

[1/]In addition to economic impact and just compensation, the date of taking is also important in establishing which governmental action Plaintiff is alleging is the cause of the alleged taking.

and just compensation analyses in this case.

As such, Defendant believes that expert reports should be disclosed sequentially rather than simultaneously. First, as indicated above, Plaintiff has not fully elucidated his claims in this case. As such, sequential disclosure is fair and appropriate, and will provide to Defendant a reasonable opportunity to respond to the claims which Plaintiff is actually pursuing rather than jousting with proverbial windmills. Second, sequential disclosure has the potential to substantially narrow the issues in dispute by forcing Plaintiff to more fully define his claims in this case.

Plaintiff's proposed schedule also fails to include time for the completion of expert depositions. Given these considerations, Defendant proposes the following expert discovery schedule:

| | |
|---|---|
| Disclosure of Plaintiff's Expert Reports | June 15, 2008 |
| Disclosure of Defendant's Expert Reports | July 31, 2008 |
| Close of Expert Discovery | September 15, 2008 |

Aside from the proposal for sequential disclosures and the addition of time for expert depositions, the schedules proposed by the parties are not substantially different.

Other Discovery Issues

Currently, Defendant has shared correspondence with Plaintiff regarding what appear to be certain deficiencies in Plaintiff's responses to interrogatories and production of documents. Defendant hopes to resolve these issues without the need for Court intervention, but if its efforts at cooperative resolution are not successful, a motion to compel may be necessary.

Dispositive Motions

At this time, Defendant believes that this case may be amenable to resolution through the

use of dispositive motions or, at a minimum, several issues could be resolved by motion prior to trial. Either of these outcomes would greatly enhance judicial economy and would assist in streamlining the issues for trial. Barring unexpected developments during the expert discovery period, Defendant anticipates filing a dispositive motion.

On March 6, 2008, counsel for Plaintiff authorized counsel for Defendant to execute this joint status report on his behalf.

March 7, 2008

Respectfully submitted,

/s/ Alan B. Fish by /s/ James D. Gette

ALAN B. FISH
102 Second Avenue Northwest
Roseau, MN 56751
(218) 463-2088 (phone)
(218) 463-2099 (fax)

Counsel of Record for the Plaintiff

RONALD J. TENPAS
Acting Assistant Attorney General
Environmental & Natural Resources Division

/s/ James D. Gette

JAMES D. GETTE
Trial Attorney , Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 305-1461
Facsimile: (202) 514-8865
James.Gette@usdoj.gov

Counsel for Defendant

Of Counsel:

Steven P. Adamski
Deputy District Counsel
U.S. Army Engineer District, St. Paul
190 East 5th Street, Suite 401
St. Paul, Minnesota 55101