STATE OF MINNESOTA IN DISTRICT COURT

COUNTY OF LAKE OF THE WOODS NINTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

V District Court File No. 39-T8-05-000697

Gary Lee Bailey,

Defendant. **ORDER**

This matter came before the Undersigned District Court Judge on September 6, 2005. The parties were allowed additional time for submissions and the record was closed on October 12, 2005.

After the Court was advised the parties "agreed to continue the case."

This Court was of the impression that the continuance was applicable to this criminal case as well as the underlying or companion civil matter.

In further review, the Court now determines that that was not the case and that the parties are, in fact, awaiting an order relative to the present matter.

Plaintiff was represented by Philip Miller, Lake of the Woods County Attorney. The Defendant was represented by Alan Fish, Attorney at Law, Roseau, Minnesota.

A number of other cases were, in fact, continued contingent upon the outcome of this case. Each of those files is captioned State of Minnesota versus Gary L. Bailey. The Court understands those files to be as follows: T2-05-808, T4-05-809, T0-05-807, T2-05-811 and T2-05-812.

FILED
MAY 1 2006
COURT ADMINISTRATOR
LAKE OF THE WOODS COUNTY

The Court notes that there are several memoranda which have been filed in support of dismissal offered by the Defendant in this case. The Court finds no written memorandum in the file in support of the State's position.

Now, based upon the entire file and record of the proceedings herein, together with the evidence received at the hearing and the numerous exhibits, the Court **ORDERS** that this criminal case is herewith **DISMISSED.**

The appended memorandum of law is made a part of this Order.

IT IS SO ORDERED.

DATED: April 28, 2005.

Charles H. LeDuc
Judge of District Court

MEMORANDUM

This case arises out of a land development project that was started in the late 1990s. Through a series of events, some government agencies appeared to approve it, whereas others have alleged that any development on the property has been in violation of law.

The improvements were apparently made by the Defendant in some part or other, but it also appears to this Court that improvements were made by other individuals as well under contingent sale agreements.

In November of 2001 the Department of Natural Resources issued a restoration order to the Defendant. The restoration order directed the Defendant to restore the land subject to this case within seven months or by June 10, 2002. Nothing was done, however, the parties did engage in extensive settlement negotiations which continue the

context of companion civil cases both before this Court and the federal court. Over two years after the completion deadline of June 10th, another directive was issued by the Department of Natural Resources with an extension time granted to September 30, 2004. Again nothing was done and over eight months later the Defendant was again finally charged criminally.

It is this Court's opinion that the dispute between the parties herein is quintessentially a civil matter for the civil courts, which is pending presently, and this Court therefore dismisses the case.

In arriving at this decision, this Court is persuaded by the Defendant's argument that the prosecuting authorities should be estopped from bringing criminal prosecution charges against the Defendant under the circumstances of this case. The Court therefore largely relies upon the argument offered by the Defendant in his memorandum dated October 11, 2005, beginning on page 15 and continuing through page 23.

This Court does not reach nor make any ruling or opinion relative to the defense argument concerning equal protection or the defense argument that the restoration order is arbitrary and unreasonable, such decision on such issues being unnecessary under the circumstances of this case.

Finally, with respect to the remaining cases, which are considered companion or related criminal cases, those matters arising out of virtually identical sets of facts covering different properties, those matters are dismissed for the same reasons. CHL