**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Gary Bailey,

Plaintiff,

v.

The United States,

Civil No. 02-1078L
Honorable Victor J. Wolski

Defendant.

**AFFIDAVIT OF GARY BAILEY**

STATE OF MINNESOTA )
) SS.
COUNTY OF LAKE OF THE WOODS )

Gary Bailey, being first duly sworn on oath deposes and states as follows:

1. I am the Plaintiff in the above entitled matter and I make this affidavit in response to the Defendant's Motion for Summary Judgment.

2. That the Defendant's regulatory decision has effectively prevented any sort of economical use on the property located within the confines of Sunny Beach Plat.

3. The effect of the Government's regulation on the property has prevented my ability to drive on the property, the ability to erect structures on the property, and prevents the moving of any soil on the property. In order to build structures, some fill will be necessary, as well as ditching to drain the water to table on the property, below the 12 inches of saturated soils required to allow for mound systems.

4. As the result of the Defendant's regulatory decisions to keep this property in it's natural state, the entire parcel must remain economically idle.

5. The Corp of Engineers has claimed that I may not mechanically clear trees, nor brush, given it interprets it's regulations so that any incidental fallback from tracked equipment would be characterized as a discharge of pollutant into a navigable water.

6. The Corps regulations has effectively eliminated any sort of commercial uses for the property, as I have now removed the access road, along with the culverts placed by many of the purchasers of lots, that were permitted by Lake of the Woods County.

7. The Fish Family Lake Lot Trust applied for a CWA Permit for fill placed on Lot 14, to allow the use of camping on the property. The Corp of Engineers denied their request without prejudice, claiming if they received approval from the State for fill, they would reconsider permit application. The county told them, they would approve a permit for the fill if the Corp approved.

8. The Defendant's conclusions that sewers are not allowed on the property by the State of Minnesota is false. The MPCA has repeatedly informed your affiant that there are variance procedures available to me and other owners and has stated it has yet to make any determination of whether or not individual sewer treatment systems will be allowed on any of the individual lots.

9. No other persons with interests in this property, nor myself have attempted to place an individual sewer treatment system within Sunny Beach. There are no sewers located on the property at this time. There is no nuisance condition.

10. Even if the State of Minnesota does not allow sewers on the property after appropriated draining and filling, there are other alternatives available given technological advances including composting toilets and incinerating toilets, offsite systems, holding tanks, or no sewer at all.

11. That I believe I have a right to live on my property, I have the right to put a camper on my property. I have a right to erect structures and garden. However, the Corp's regulations have prevented all of these uses and many more. No uses can be made to the property without some ditching and fill and the ability to build and alter it from it's natural state.

12. I went to my local government unit to obtain a determination of the appropriate use of this parcel of property and applied for not only the application to plat at the request of the Environmental Services Director, Gary Lockner, but also made an application to amend the Lake of the Woods County Zoning Ordinance to change the use of Sunny Beach from "natural resource" to "residential". All State administrative agencies received notice of the application to utilize this property for residential development. No agency representatives appeared at the hearing to object which was duly noticed and it was approved.

13. Further, the MPCA decision to revoke the certification was not based upon a determination that sewers would not be allowed on the property. A certification was revoked because the MPCA felt that I needed to mitigate all loss of wetlands resulting from residential development instead of having individual lot owners applying for permits to fill the property. Lake of the Woods County had no issue with the individual lot owners applying for individual permits. Exasperating the fact is that the MPCA was working with Gary Lockner at Lake of the Woods County because they had become the Permit Applicant. MPCA claimed there was insufficient information to make a determination water quality would be protected.

Further, MPCA believed that I had not conducted the mitigation under my Minnesota Wetland Conservation Act decision. That is simply not true, I completed the replacement mitigation in my gravel pit and I have notified agencies of this fact numerous times, although they refuse to acknowledge this completion.

FURTHER YOUR AFFIANT SAYETH NOT.

Gary Bailey

MARY B. BOHN
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

Subscribed and sworn to before me this 7th day of August, 2008.

Notary Public

[illegible] BAILEY V. USA [illegible]